
RECEIVED
JAN 2 3 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| WANDA LEGER | CIVIL ACTION NO. 08-120 |
| VERSUS | JUDGE MELANÇON |
| WAL-MART STORES, INC., ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Before the Court are defendant Wal-Mart Louisiana, L.L.C.'s ("Wal-Mart" or "defendant") Motion for Summary Judgment [Rec. Doc. 14], plaintiff Wanda Leger's ("Leger" or "plaintiff") Memorandum in Opposition thereto [Rec. Doc. 17], and defendant's Reply to plaintiff's Opposition [Rec. Doc. 20]. For the reasons that follow, defendant's Motion [Rec. Doc. 14] will be **GRANTED**.

### I. BACKGROUND

On February 19, 2007, plaintiff was shopping with her sister, Joy Duhon ("Duhon") at Wal-Mart's Opelousas, Louisiana location. During the course of her visit, plaintiff visited the restroom facilities at the front of the store. While in the handicapped stall of the restroom, plaintiff slipped and fell to the ground. Plaintiff claims that her fall was the result of liquid which may have leaked onto the floor from the toilet. As a result of her fall, plaintiff allegedly suffered injuries to her head and neck requiring surgery. Plaintiff filed this action in this Court on January 28, 2008 seeking damages allegedly resulting from her injuries.

Wal-Mart filed the instant motion for summary judgment arguing that it is not liable for plaintiff's alleged injuries as it lacked constructive or actual knowledge of

the alleged hazzard. Plaintiff opposes this motion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the record reflects "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, "we view facts and inferences in the light most favorable to the nonmoving party." *Mahaffey v. Gen. Sec. Ins. Co.*, 543 F.3d 738, 740 (5th Cir. 2008). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once the burden shifts

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the nonmoving party of these essential elements renders all other facts immaterial. *Id.* at 322.

2

to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. ANALYSIS

The sole issue presented is whether Wal-Mart had actual or constructive

knowledge of the hazzard sufficient to satisfy the requirements of Louisiana Revised Statute 9:2800.6.[2] In *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/07), 699 So.2d 1081, the Louisiana Supreme Court held that in order to prove constructive knowledge under La. Rev. Stat. 9:2800.6(B), a claimant in a premises liability case ". . . must make a positive showing of the existence of the condition prior to the fall. A defendant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *White*, 699 So.2d at 1084. Further, "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id.*

Plaintiff advances two arguments that she claims creates a material issue of fact regarding defendant's constructive knowledge. First, plaintiff argues that the fact that the Wal-Mart employees failed to follow Wal-Mart's own procedure regarding hourly restroom inspections is sufficient to show that Wal-Mart had constructive knowledge of the hazzard. This argument, however, mistakes the "reasonable care" requirement of 9:2800.6, which is not at issue in this motion, with the "actual or constructive knowledge" requirement. The argument advanced does not prove that the hazzard existed for a period time, but, instead, evinces a lack of evidence regarding the temporal nature of the hazzard. In fact, neither plaintiff nor

---

[2] As jurisdiction in this case is based upon diversity of citizenship, state substantive law will govern the outcome. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997). Here, it is undisputed that Louisiana law is applicable.

4

Tina Dunbar ("Dunbar"), the only other person in the restroom at the time of the accident, could testify that the liquid was present when they entered the restroom or at the time of the actual fall. Plaintiff alleges that she lost consciousness after the fall and only upon regaining consciousness did she notice the liquid. Similarly, Dunbar testified that she noticed the liquid only when she entered plaintiff's stall to open the door after the fall. The testimony presented, then, leaves open the legitimate possibility that the liquid on the floor was the result of the plaintiff's fall and not the cause of it and certainly does not support plaintiff's contention that Wal-Mart had constructive knowledge of the hazzard. This alone is fatal to plaintiff's case.

Second, plaintiff argues that the fact that Wal-Mart changed out the toilets five weeks after the accident is somehow proof that the toilets were leaking the day of the accident. Notwithstanding the fact that this evidence is irrelevant and inadmissible pursuant to Federal Rule of Evidence 407, a showing that some remedial measure was taken over one month after the accident is in no way proof that a defect or hazzard existed on the day of the accident.[3] The arguments advanced by plaintiff are simply an impermissible attempt to shift the burden of proof to the defendant and are precisely the types of arguments rejected by the Louisiana Supreme Court in *White*. As plaintiff has failed to set forth any evidence to show that

---

[3] Federal Rule of Evidence 407 states, in pertinent part, that "[w]hen, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." F.R.E. 407.

Wal-Mart had actual or constructive knowledge of the hazzard, she has failed to carry her burden and defendant's motion must be granted.

## IV. CONCLUSION

The Louisiana Supreme Court's ruling in *White* is clear - it is the plaintiff's burden to prove constructive knowledge of the hazzard. Viewing the evidence in the light most favorable to the plaintiff, including presuming that the liquid was the actual cause of her fall, plaintiff has failed to carry her burden of proof, and her claims must, therefore, be dismissed. Accordingly, defendant's Motion for Summary Judgment [Rec. Doc. 14] will be **GRANTED** and plaintiff's claims will be **DISMISSED WITH PREJUDICE**.